# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-6784-JFW (DFM) | Date: | August 20, 2019 |
| Title | Abdul M. Saafir v. S. Marsh | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On August 5, 2019, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for discharge of a firearm from a motor vehicle and assault with a semiautomatic firearm. See Dkt. 1 ("Petition") at 2.[1]

Petitioner was convicted and sentenced in August 2006. See id.; see also Superior Court of California, County of Los Angeles, Criminal Case Summary, http://www.lacourts.org/criminalcasesummary/ui.selection.aspx (No. XNEGA061637-01). The California Court of Appeal, Second District, corrected a clerical error in the abstract of judgment but otherwise affirmed Petitioner's conviction in December 2007, see Petition at 2-3; see also People v. Saafir, No. B193437, 2007 WL 4424950 (Ct. Cal. App. Dec. 19, 2007), and closed the case on February 20, 2008, see Appellate Courts Case Information, 2nd Appellate District, http://www.appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (No. B193437). Petitioner did not file a petition for review with the California Supreme Court or a petition for habeas corpus. See Petition at 3.

---

[1] Petitioner's Motion for Appointment of Counsel (Dkt. 3) is DENIED without prejudice. There is no constitutional right to counsel in connection with a habeas petition. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). In deciding Petitioner's request, the Court evaluates Petitioner's likelihood of success on the merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has shown the ability to articulate his claims without counsel and his likelihood of success on the merits is low. If that situation changes, the Court may re-evaluate Petitioner's request.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitations period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. See Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008); see also Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Here, Petitioner's conviction became final no later than March 31, 2008, forty days after the California Court of Appeal closed his case. AEDPA's one-year limitations period commenced the next day, April 1, 2008 and expired on April 1, 2009. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until August 5, 2019. The Court thus deems the Petition untimely by over ten years, in the absence of any applicable tolling.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Because Petitioner did not file a habeas petition, he is not entitled to statutory tolling.

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Here, Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitations period expired. Petitioner is thus not currently entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action. **Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any reason demonstrating

entitlement to statutory or equitable tolling. Plaintiff may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations.

**Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**